UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESLIE A. BERENS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | CASE NO. C14-0368-RSL-MAT<br><br>REPORT AND RECOMMENDATION<br>RE: SOCIAL SECURITY DISABILITY<br>APPEAL |

　　　　Plaintiff Leslie A. Berens proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends this matter be REMANDED for further proceedings.

///

///

///

REPORT AND RECOMMENDATION
PAGE - 1

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1964.[1]  She has a high school education.  She has past relevant work as a receptionist, hair stylist, and bookkeeper.  (AR 20.) Plaintiff filed an application for DIB on December 21, 2010, alleging disability beginning May 13, 2010.  She is insured for DIB through March 31, 2012.  Plaintiff's application was denied at the initial level and on reconsideration, and she timely requested a hearing.

On July 26, 2012, ALJ Laura Valente held a hearing, taking testimony from plaintiff and a vocational expert.  (AR 27-65.)  On November 2, 2012, the ALJ issued a decision finding plaintiff not disabled from May 13, 2010 through the date last insured.  (AR 28-66.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on January 17, 2014 (AR 1-4), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff's carpal tunnel syndrome status post release in February 2011, cognitive disorder, affective

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

disorder, and anxiety disorder severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to lift and/or carry up to twenty pounds occasionally and ten pounds frequently, stand and/or walk about six hours in an eight-hour workday, and sit up to six hours in an eight-hour workday. Plaintiff can perform all postural activities without limitation, and frequently reach overhead with the right upper extremity. Plaintiff has sufficient concentration to understand, remember, and carry out simple, repetitive tasks. She can maintain concentration in two-hour increments with usual and customary breaks, throughout an eight-hour day. Plaintiff can work in proximity to co-workers, but not in coordination with them. With these restrictions, plaintiff was found able to work at a consistent pace with usual and customary breaks throughout an eight-hour day. She can work superficially and occasionally with the general public, interact frequently with supervisors, and deal with workplace changes consistent with simple repetitive work. With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as small products assembler, inspector and hand packager, and housekeeping cleaner. The ALJ also found that if additional limitations of frequent bilateral fine fingering and gross handling were

considered, plaintiff could perform the jobs of inspector hand packager and housekeeper cleaner.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ failed to properly consider limitations relating to her hand impairment in formulating the RFC, failed to give legally sufficient reasons for finding her subjective symptom testimony not entirely credible, and did not properly consider the opinion of an evaluating neuropsychologist. She requests remand for an award of benefits or, alternatively, for further administrative proceedings. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

## Consideration of Hand Impairment in RFC

At step four, the ALJ must identify plaintiff's functional limitations or restrictions, and assess her work-related abilities on a function-by-function basis, including a narrative discussion. *See* 20 C.F.R. §§ 404.1545, 416.945; Social Security Ruling (SSR) 96-8p. RFC is the most a claimant can do considering his or her limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of plaintiff's impairments, including those that are not severe, in determining RFC. §§ 404.1545(e), 416.945(e); SSR 96-8p.

Plaintiff argues the ALJ failed to sufficiently account for limitations in the use of her

REPORT AND RECOMMENDATION
PAGE - 4

hands in formulating a RFC assessment.[2]  The Court agrees the ALJ's RFC does not appear to take into account any limitations in the use of her hands, despite an assertion by the ALJ to the contrary.  (AR 19.)  Plaintiff cites ample record evidence that would support the assessment of some functional limitations in the use of her hands.  However, it is not enough to merely suggest an alternative interpretation of the evidence if the one chosen by the ALJ is equally reasonable.  *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").  The question is whether the interpretation of the evidence chosen by the ALJ is supported by legally sufficient evidence.

The ALJ cited the successful surgical release of plaintiff's carpal tunnel syndrome to support the lack of hand limitations.  As support for this conclusion, the ALJ provides a general, non-specific citation to the surgical records.  (AR 530-61.)  A review of these records does not provide any information about residual hand limitations, and does not lend substantial evidence support to the ALJ's conclusion.

The ALJ notes that plaintiff's complaints of osteoarthritis or rheumatoid arthritis started "only" about one month prior to the July 2012 hearing.  (AR 18.)  However, plaintiff provides citations to medical records that verify the presence of problems with her hands before that date.  (AR 626 (April 2012 record mentioning inability to make a fist, puffiness, and swelling), 642 (November 2011 record mentioning "sausage-like fingers with swellness and stiffness of joints

---

[2] The Commissioner mischaracterizes plaintiff's argument as contending the ALJ erred at step two by finding her right shoulder pain not a medically determinable impairment and by failing to find her right hand pain severe at step two. (Dkt. 21 at 5.) Plaintiff's reference to her right shoulder pain was in the context of her credibility argument, and, at step two, the ALJ did, in fact, find a hand impairment to be severe. Rather, the Court considers plaintiff's argument as positing an RFC error by failing to include appropriate hand limitations as discussed herein.

REPORT AND RECOMMENDATION
PAGE - 5

in hand), and 663 (February 2012 record mentioning hand pain of six months duration).)  The possibility of an inflammatory arthropathy or degenerative arthritis was clearly considered by the medical providers prior to July 2012.  (*See*, *e.g*., AR 627.)

The ALJ relies on the fact that plaintiff was no longer taking medication or undergoing therapy for the condition and that x-rays were largely unremarkable.  As stated above, plaintiff continued periodically to seek treatment for her hand problems, and there is no showing medication was available that might provide any therapeutic effect. The ALJ also fails to mention the February 2012 MRI, taken after the December 2011 x-ray, showing "degenerative arthritic changes at the first metacarpophalangeal joint."  (AR 663.)

The ALJ characterizes claimant's testimony about her activities as not consistent with her claim of hand limitations.  (AR 18.)  However, the ALJ's description of the activities downplays plaintiff's complaints about her ability to perform the activities.  Plaintiff did not testify she could grip the steering wheel without problems, but indicated her problems worsened in the last few weeks.  (AR 48.)  Folding clothes can only be done with significant pain.  (AR 50.)  Her ability to use the computer is limited.  (*Id.*)  Although yard work is a hobby she would enjoy, she is only able to spend forty five minutes a week cutting the grass and pulling a few weeds, leaving radiating and aching pain in her wrist.  (AR 55.)  The activities described by plaintiff do not provide substantial evidence support for the ALJ's rejection of hand limitations.

The ALJ acknowledged the records of Rheumatologist Heather Kramm, M.D. from the Seattle Arthritis Clinic corroborated plaintiff's hand complaints of pain and difficulty gripping, noting plaintiff's symptoms to be consistent with inflammatory arthropathy.  (AR 19, 678-80.) The ALJ gives "less weight" to Dr. Kramm's records because they "were prepared after the hearing, for a visit that took place after the hearing," inferring plaintiff "reported symptoms and

REPORT AND RECOMMENDATION
PAGE - 6

created the appointment to justify more severe limitations than the residual functional capacity identified at the hearing." (AR 19.) However, the ALJ makes no reference to the fact Dr. Kramm had been treating plaintiff for the same problems since at least December 2011, and continuing up to the hearing. (AR 634.) At the commencement of the hearing, plaintiff's attorney advised the ALJ of the upcoming appointment (AR 30) and the ALJ instructed counsel to submit the records post-hearing (AR 63). The Court finds unpersuasively vague the ALJ's rationale that Dr. Kramm's findings "are not support[ed] by other, more persuasive medication [sic] evidence," and unsupported by plaintiff's description of her level of activity and functionality, as previously discussed.

Next, the ALJ cited a lack of objective evidence of rheumatoid arthritis or inflammatory arthropathy, but overlooked a "borderline positive rheumatoid factor" (AR 636), and the MRI findings (AR 663). The Court finds this reason does not stand up under scrutiny.

Finally, the Court finds unpersuasive the ALJ's reasoning that a lack of an opinion from a treating doctor that plaintiff cannot work was persuasive evidence plaintiff is not disabled. (AR 19.) A statement by a medical source that a claimant is "disabled" or "unable to work" is not considered to be a medical opinion, but is an administrative finding that would be dispositive of a case, and is an issue reserved to the Commissioner. 20 C.F.R. § 404.1527 (d)(1) and (3). If, in fact, the ALJ felt the record was deficient without an opinion from plaintiff's treating doctor about her ability to work, the ALJ could have requested an opinion on this issue. *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (An ALJ does have a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered".)

The Court finds the ALJ's failure to include RFC limitations related to plaintiff's hand impairment to lack the support of substantial evidence. The error is not harmless, as plaintiff's

REPORT AND RECOMMENDATION
PAGE - 7

ability to perform alternative work may be impacted by properly assessed limitations. On remand, the ALJ should properly consider plaintiff's hand limitations, obtaining an evaluation by a specialist, if necessary, in order to ascertain the degree of functional impairment caused by this impairment.

### Consideration of the opinion of Temperence Evans, Psy.D.

Plaintiff correctly notes that the ALJ failed to specifically address the findings and opinions by Dr. Evans, an examining neuropsychologist. (AR 569-83.) The findings, which involve plaintiff's cognitive and emotional functioning, are pertinent to an evaluation of plaintiff's mental functional capacity. Although defendant asserts the ALJ made reference to findings from Dr. Evans' examination (AR 14, citing Ex. 13F at 10-11), the citation to these references, in the absence of any evaluation of Dr. Evans' findings, is error. The ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). On remand, the ALJ should consider Dr. Evans' report and findings. If necessary, the ALJ should obtain clarification from Dr. Evans about the applicability of the findings to plaintiff's functional capacity.

### Credibility Assessment

Plaintiff also assigns error to the ALJ's consideration of her symptom allegations. Credibility determinations are inescapably linked to conclusions regarding medical evidence. *See* 20 C.F.R. § 404.1529. On remand, after reconsidering the medical evidence as previously described, the ALJ should reevaluate the credibility of plaintiff's symptom allegations.

### Remedy

The Court has discretion to remand for further proceedings or to award benefits. *See*

*Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

> Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77.

Here, the Court finds remand for further proceedings appropriate. Plaintiff's ability to work with appropriate limitations related to her hand impairment remains to be determined. As previously stated, the ALJ may need to develop the record by obtaining additional medical and vocational testimony in order to address this issue, as well as reassessing the credibility of plaintiff's complaints.

## **CONCLUSION**

For the reasons set forth above, this matter should be REMANDED for further proceedings.

## **DEADLINE FOR OBJECTIONS**

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will

/ / /

be ready for consideration by the District Judge on **December 26, 2014**.

DATED this 5th day of December, 2014.

*[signature]*

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 10